UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. |
| v. | : 3-06-cr-111 (JCH) |
| | : |
| PAMELA DAVIS | : JULY 31, 2006 |

## MEMORANDUM OPINION RE: SENTENCING

The court imposed sentence on Pamela Davis on July 20, 2006. The sentence imposed was a non-guideline sentence, determined by the court after considering and balancing the factors contained in 18 U.S.C. § 3553(a), pursuant to U.S. v. Booker, 543 U.S. 220 (2005) and U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005). The defendant had moved for a downward departure based on family circumstances. While the court believes that it is implicit in the record that the court denied the downward departure before proceeding to analyze the § 3553(a) factors, it is uncertain that the record clearly reflects that denial and the court's reasons for doing so. Therefore, the court writes to place on the record its reasons for denying the defendant's Motion for Downward Departure.

The court begins by noting that, "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. In order to depart on this ground, the court must find the family circumstances to be "exceptional." See id. at § 5K2.0, Application Note 3(C). When "a sentencing court determines the circumstances related to family ties and relationships are [exceptional],"[1] however, "the Guidelines do not bar it from considering them as a basis for a downward departure." United

---

[1] As noted above, the law now provides that only "exceptional" – rather than "extraordinary"–family circumstances should form the basis for a downward departure. 18 U.S.C. § 3553(b); see U.S. v. Smith, 331 F.3d 292, 294 (2d Cir. 2003).

States v. Galante, 111 F.3d 1029, 1033 (2d Cir. 1997).  Thus, the court recognizes that it has discretion to depart on the grounds of exceptional family circumstances.

Under the Guidelines, in determining whether to depart on this ground, courts "shall consider," among other circumstances, "[t]he seriousness of the offense"; "[t]he involvement in the offense, if any, of members of the defendant's family"; and, "[t]he danger, if any, to members of the defendant's family as a result of the offense."  U.S.S.G. § 5H1.6, Application Note 1(A)(i) - (iii).   Moreover, when the defendant argues for a departure based on "loss of caretaking or financial support," as the latter is the case here, in addition to the above "non-exhaustive list of circumstances," the court is required to consider the presence of the following circumstances:

> (i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
>
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
>
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
>
> (iv) The departure effectively will address the loss of caretaking or financial support.

U.S.S.G. § 5H1.6, Application Note 1(B)(i) - (iv).

The Second Circuit has noted that separation from family members is "inherent in the punishment of incarceration."  United States v. Tejeda, 146 F.3d 84, 87 (2d Cir. 1998) (per

curiam) (quoting United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992)).  Examples of exceptional circumstances include where the defendant provided substantial support for his two children and his wife spoke limited English, United States v. Galante, 111 F.3d 1029, 1035 (2d Cir.1997); where the defendant was the sole supporter of several young children, Johnson, 964 F.2d at 129-30; and, where the defendant supported his family and his disabled father relied on the defendant to get out of his wheelchair, United States v. Alba, 933 F.2d 1117, 1122 (2d Cir.1991).  Hardship may be alleviated by the availability of others to care for the child, where the period of incarceration is not particularly long.  Smith, 331 F.3d at 294; see also United States v. Madrigal, 331 F.3d 258, 260 (2d Cir. 2003) (focusing on the availability of alternative caregivers and reversing family circumstances departure premised on female defendant's relationship with her six children); United States v. Sprei, 145 F.3d 528, 535 (2d Cir. 1998) (noting that, while court has "in the past upheld departures based on family circumstances where the family was uniquely dependant on the defendant's ability to maintain existing financial and emotional commitments," it has "reversed departures where the asserted harm to the family was insubstantial, and the departure primarily benefitted the defendant rather than his family members").

On the basis of these cases, the Second Circuit has found that the "absence or presence of adults who can step in during the defendant's incarceration to assist with caring and providing for the defendant's dependents . . . is a central part of the extraordinary family circumstances inquiry." United States v. Huerta, 371 F.3d 88, 95 (2d Cir. 2004).  A departure for family circumstances is not available "where other relatives could meet the family's needs . . . or the defendant's absence did not cause a 'particularly severe hardship." United States v. Selioutsky, 409 F.3d 114, 119 (2005).

In this case, while Ms. Davis has been the primary source of financial support for her family, her circumstances do not rise to the level of exceptional family circumstances justifying a downward departure from the Guideline range of 15-21 months.  Her husband is able to care for their daughters and is able to work.  While unemployed now, he has been employed in the recent past.  While the absence of Ms. Davis will be sorely felt by her family and the family income will in all likelihood be reduced, the court cannot find that it is the type of loss that "substantially exceeds the loss" typically suffered by the family of defendants. U.S.S.G. § 5H1.6, Application Note 1(R)(ii).

For these reasons, the court denied Ms. Davis's Motion for a Downward Departure. The reasons for the court's imposition of a non-guideline, split sentence of 6 months incarceration and 6 months of home confinement are set forth on the record of the sentencing proceeding.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 31st day of July, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge